IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MATTHEW B. KREPPS | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-10-6049 |
| | * | |
| KENNETH G. ROBERTS | * | |
| | ****** | |

## MEMORANDUM

Matthew B. Krepps has filed this action against Kenneth G. Roberts.  Roberts has filed a motion to dismiss on the ground that Krepps' claims are barred by the doctrines of claim preclusion and issue preclusion.[1]  Krepps has responded to the motion.[2]

Roberts was a partner in the law firm of WolfBlock that represented Krepps and a company he owned, Economist's Advocate LLC, in a case filed in the Southern District of New York.  Roberts and WolfBlock succeeded in obtaining (and collecting on) a judgment against one of the defendants in the amount of $250,000.  Nevertheless, Krepps contends that Roberts and WolfBlock were guilty of various acts of misconduct in the underlying action.

In 2006 and 2008 Krepps filed an action against WolfBlock in the Suffolk Superior Court in Massachusetts.  In the first case plaintiff claimed, *inter alia*, that WolfBlock committed a breach of contract and was guilty of attorney malpractice.  A jury returned a verdict in favor of

---

[1] Roberts also contends that the complaint should be dismissed because of the insufficiency of service of process.  Although Krepps clearly is an experienced litigator, he is appearing *pro se* and I am deciding the case on preclusion grounds rather than the technical ground concerning the insufficiency of process.

[2] Krepps has also sent a letter to the court dated October 15, 2010 stating that he is "leaving for China on an extended business trip" and contending that I should not consider defendant's reply.  It does not appear to me that the reply is untimely.  In any event, the issues presented in this case are clear cut, and there is no reason for me to delay issuance of my ruling.

1

WolfBlock, and plaintiff has appealed.  The appeal is presently pending.  In the 2008 case, plaintiff asserted claims for breach of contract, conversion, fraud, breach of fiduciary duty, and violation of a Massachusetts consumer protection statute.  Krepps' claims related primarily to billing issues.  Summary judgment was entered in favor of WolfBlock on all of the claims in June 2009.  Again, Krepps has appealed the decision, and the appeal presently is pending.

Clearly, the present claims against Roberts, although incorporating different legal theories, arise from Roberts' alleged contract breaches and malpractice in the underlying action.  Just as clearly, the Massachusetts cases instituted by Krepps against WolfBlock were based upon acts that Roberts performed while he was a partner with WolfBlock and that Krepps sought to hold WolfBlock vicariously liable for Roberts' alleged misdeeds.  Thus, there was "identity or privy of the parties to the present entire actions," and Krepps' claims are barred by the Massachusetts law of claims preclusion which unquestionably applies here.  *See Ambase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003); *Jarosz v. Palmer*, 436 Mass. 526, 531 n.3, 766 N.E. 2d 482, 488 n.3 (2002); *Kobrin v. Bd. of Registration of Med.*, 444 Mass. 837, 843, 832 N.E. 2d 628, 634 (2005).

Krepps argues that he could not have sued Roberts in Massachusetts because Roberts was not subject to personal jurisdiction there.  There are two fallacies in this argument.  First, it is not at all clear that Roberts could not have been sued as a defendant in Massachusetts, despite the fact that he worked in WolfBlock's New York office, because Wolfblock, of which he is a former partner, was subject to personal jurisdiction in Massachusetts.  Krepps never litigated that issue in Massachusetts.  Second, it was Krepps who chose to sue Wolfblock in Massachusetts.  He could have done so in New York, where indisputably Roberts is subject to personal jurisdiction.  Krepps cannot manipulate the law of claims preclusion simply by selecting to bring

a prior action in a forum in which he now asserts that one of the possible defendants was not subject to personal jurisdiction.

A separate order granting Roberts' motion to dismiss and dismissing this action is being entered herewith.


Date:   October 25, 2010              /s/
                                J. Frederick Motz
                                United States District Judge